UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

    - against -

JONATHAN P. FLOM,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**MEMORANDUM AND
SENTENCING SCHEDULING ORDER**
14-CR-507 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge

      The Court has received the Probation Department's Pre-Sentence Report (Doc. No. 82) as well as the parties' submissions in connection with sentencing. (Doc. Nos. 85, 86, 88, 90, 91.) Defendant has lodged several objections to the PSR, including some that were filed belatedly and others amplified in defendant's sentencing memorandum and his a reply to the government's sentencing submission. None of the objections have been addressed by the Probation Department, and some require supplemental and/or initial briefing by the government.

      To ensure both procedural and substantive reasonableness of the sentence in this case, the Court hereby reschedules the sentencing hearing to May 19, 2017 at 12:00 noon, and further orders the Probation Department to prepare an addendum to the PSR, and the parties to submit supplemental briefing pursuant to the schedule set forth below, on the following issues raised by defendant:

1. Is defendant's conduct related to the "Speight Scheme" properly included in the Advisory Sentencing Guideline calculation as relevant conduct pursuant USSG § 1B1.3. (*See, e.g.,* Def. Objections, Doc. No. 86, at 2-3 (objecting to PSR ¶¶ 5-7, 14, 19; *see also* Def. Sent. Mem., Doc. No. 88, at 22, 33.)

2. If so, what is the amount of funds attributable to the Speight Scheme for which defendant is accountable, and is a hearing required to resolve any disputes between the parties? [1]

---

[1] In this regard, the PSR, at ¶ 14, states that the defendant is accountable for $756,168, representing the funds laundered in the Speight Scheme. The government concurs, without analysis. (Doc. No. 90 at 3-4.) Defendant questions the accuracy of this amount, and asserts that it conflicts with the government's prior assertion in its 404(b) motion that "approximately $300,000 was diverted through an account controlled by the defendant, who kept roughly 2% to 3% as his fee." (Def. Objections at 2, citing Gov. Mtn. *In Limine*, Doc. No. 32.)

3. Ultimately, what is the amount of funds for which defendant is accountable in calculating the base offense level, including the amount attributable to the charged conduct? [2]

4. Is defendant entitled to a mitigating role adjustment pursuant to USSG § 3B1.2? (*See* Def. Reply, Doc. No. 91, at 5-6; *see also* Def. Objections at 3 (objection to PSR ¶ 14).)

5. Is an adjustment pursuant to USSG 3B1.3 for Abuse of Position of Trust or Use of Special Skill warranted? (*See* Def. Reply. at 3-5.)

Briefing on the issues, and the new sentencing date, are scheduled as follows:

1. The Probation Department shall file its Addendum by April 28, 2017.
2. The government shall file its supplemental brief by May 5, 2017.
3. Defendant shall file any response by May 12, 2017.
4. Sentencing will be held before the undersigned on May 19, 2017 at 12:00 noon.

SO ORDERED.

Dated: Brooklyn, New York
April 20, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[2] In this regard, defendant also asserts that "the most appropriate amount to be used is the *profit* from the charged conduct, a total of 6,920.24, for a base offense level of 10. At the very most, if the total amount of the charged conduct is used ($141,300), the base offense level would be 16, well below the base offense level of 22 utilized by the Probation Officer." (Def. Objections at 3; *see also* Def. Sent. Mem. at 33.)